Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARTIS-RAY: CASH JR.,** | CASE NO.: SACV25-1853-MRA(ADSx) |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** <br> (Jury Trial Demanded) |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| Defendant. | |

**INTRODUCTION**

1. This is an action for damages under the **Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)** and the **California Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785.25 et seq.).**

2. Plaintiff disputes an inaccurate collection account reported by Monterey Collection Services. Plaintiff properly disputed the item, yet Experian failed to conduct a lawful reinvestigation, continued publishing inaccurate data, failed to mark the account as disputed, and even disclosed Plaintiff's dispute results to its litigation counsel in a matter that had already been dismissed.

1
**COMPLAINT FOR DAMAGES**

3. Experian's sham reinvestigation mirrors the conduct condemned in **Norman v. Trans Union, LLC, 2023 WL 2918507 (N.D. Cal. Apr. 12, 2023)**, where the court held that perfunctory reinvestigations without meaningful review violate the FCRA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue is proper because Plaintiff resides in this District, Experian conducts substantial business here, and the events occurred here.

## PARTIES

6. Plaintiff **Artis-Ray: Cash Jr.** is a natural person and resident of Los Angeles County, California.

7. Defendant **Experian Information Solutions, Inc.** is a consumer reporting agency headquartered in Costa Mesa, California.

## FACTUAL ALLEGATIONS

8. Plaintiff disputed the Monterey Collection Services account on **August 6, 2025** (Exhibit A).

9. Experian acknowledged receipt but, on **August 12, 2025**, issued "dispute results" stating the account had been previously processed and verified, refusing reinvestigation absent "new information" (Exhibit B).

10. Experian's refusal constitutes a sham reinvestigation because Plaintiff specifically disputed the **Date Opened, Payment History**, and accuracy of reporting, yet Experian merely parroted back the furnisher's information without independent review.

2
**COMPLAINT FOR DAMAGES**

11. Experian then improperly shared Plaintiff's dispute results with its outside litigation counsel, stating the dispute was "related to pending litigation" in *Artis Ray Cash, Jr. v. Experian Information Solutions, Inc., et al.*, Case No. 8:25-cv-00165-JWH-ADS. In reality, that case had been **dismissed with prejudice in May 2025**, three months earlier.

12. Counsel's misrepresentation demonstrates that Experian disclosed Plaintiff's private consumer report information without a **permissible purpose** under 15 U.S.C. § 1681b, as there was no pending litigation to justify such disclosure.

13. The Monterey account continues to show inaccurate balances and payment history (Exhibit C), causing Plaintiff denials of credit, reduced approvals, and emotional distress.

14. Despite notice of dispute, Experian continued publishing the Monterey account without marking it clearly as "disputed" in all credit reports furnished to third parties.

15. Plaintiff has suffered actual damages including credit denials, reduced approvals, lost opportunities, and emotional distress.

## CLAIMS FOR RELIEF

**COUNT I – Violation of FCRA § 1681i (Sham Reinvestigation)**

16. Plaintiff re-alleges the above.

17. Experian failed to conduct a reasonable reinvestigation by refusing to review evidence and instead relied blindly on the furnisher, contrary to **Norman v. TransUnion**.

**COUNT II – Violation of FCRA § 1681e(b) (Failure to Ensure Accuracy)**

18, Experian published inaccurate and incomplete information about Plaintiff's Monterey account.

19. Experian failed to follow reasonable procedures to ensure maximum possible accuracy.

**COUNT III – Violation of FCRA § 1681e(8) (Failure to Mark as Disputed)**

20. Despite Plaintiff's repeated disputes, Experian furnished Plaintiff's report to third parties without flagging the Monterey account as "disputed."

**COUNT IV – Violation of FCRA § 1681b (Unauthorized Disclosure / Lack of Permissible Purpose)**

21. Experian improperly disclosed Plaintiff's consumer dispute results to outside litigation counsel in August 2025, even though the referenced litigation had already been dismissed with prejudice.

22. Such disclosure lacked a permissible purpose under § 1681b and violated Plaintiff's privacy rights.

**COUNT V – Violation of California CCRAA (Civ. Code § 1785.25)**

23. Experian continued to report inaccurate credit information that it knew or should have known was incomplete or unverifiable, in violation of California law.

**COUNT VI – Willful Noncompliance (15 U.S.C. § 1681n)**

24. Experian's conduct was willful, entitling Plaintiff to statutory damages of $1,000 per violation, punitive damages, and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Experian as follows:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages of $1,000 per violation under 15 U.S.C. § 1681n;

c. Punitive damages;

d. Costs and reasonable attorney's fees (if Plaintiff later retains counsel);

e. Injunctive relief requiring Experian to correct Plaintiff's credit file and cease unauthorized disclosures;

f. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**/s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.**

Pro Se Plaintiff

Dated: August 20, 2025

5

**COMPLAINT FOR DAMAGES**