UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:25-cv-01853-MRA-ADS                              Date: September 11, 2025

Title    Artis-Ray Cash, Jr. v. Experian Information Solutions, Inc.

Present: The Honorable: **Mónica Ramírez Almadani, United States District Judge**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order Denying Motion for Reconsideration [9]**

On August 21, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request").  (ECF Nos. 1, 3.)  Plaintiff brings this action under the Fair Credit Reporting Act.  (ECF No. 1.)

On September 4, 2025, the Court denied the IFP request and ordered Plaintiff to pay the $405 filing fee within 30 days.  (ECF No. 8.)  The Court found that Plaintiff had the ability to pay the filing fee because his total sources of money, including wages and settlement awards, exceed his average monthly expenses.  (*Id*.)

Now pending is Plaintiff's motion for reconsideration, filed on September 10, 2025.  (ECF No. 9.)  Plaintiff alleges that the settlement awards are no longer available to him due to repayment of debts and ongoing medical expenses from an accident.  (*Id*. at 1.)  Thus, Plaintiff allegedly "lacks the resources to pay the filing fee without sacrificing the necessities of life."  (*Id*.)  Attached to the motion are a medical bill from June 2025 and two bank account statements.  (*Id*. at 5-7.)

Under the Central District's Local Rule 7-18, a motion for reconsideration must show: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  Plaintiff does not explain how the allegations from his Motion fall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-01853-MRA-ADS                                                  Date: September 11, 2025

Title         Artis-Ray Cash, Jr. v. Experian Information Solutions, Inc.

under any part of this standard or any other standard. For that reason alone, the motion should be denied.

     In any event, Plaintiff's motion does not warrant reconsideration. The Court takes judicial notice of Plaintiff's prior litigation history with this Court, which is inconsistent with his instant allegation that the settlement awards were spent on debts and medical expenses and, thus, are no longer available to him. In the instant action, Plaintiff alleged on August 21, 2025, that he had received $16,500 in settlement awards within the prior twelve months. (ECF No. 3 at 1.) His numerous suits for that prior twelve-month period, however, contain IFP requests that affirmatively deny the commitment of any such amount to repayment of debts or payment of ongoing medical expenses from an accident. *See Cash v. Credit Control, LLC*, Case No. 2:24-cv-08447-AH-E, ECF No. 3 at 2; *Cash v. Absolute Resolutions Investments LLC*, Case No. 2:24-cv-09093-SRM-MAA, ECF No. 2 at 2; *Cash v. Maximus, Inc.*, Case No. 2:24-cv-09094-RGK-AS, ECF No. 2 at 2; *Cash v. Resurgent Capital Services, LP*, Case No. 2:24-cv-10356-ODW-SK, ECF No. 2 at 2; *Cash v. Convergent Outsourcing, Inc.*, Case No. 2:25-cv-00663-AB-PD, ECF No. 2 at 2; *Cash v. TransUnion LLC*, Case No. 2:25-cv-00961-RGK-AS, ECF No. 2 at 2; *Cash v. Housing Authority*, Case No. 2:25-cv-00962-WLH-DFM, ECF No. 3 at 2; *Cash v. Radius Global Solutions, Inc.*, Case No. 2:25-cv-01481-DMG-JDE, ECF No. 2 at 2; *Cash v. Penn Credit Corporation*, Case No. 2:25-cv-01483-MWF-AS, ECF No. 2 at 2.

     Finally, Plaintiff's attachments, the medical bill and bank account statements, also do not merit reconsideration of the denial of his IFP request. The medical bill is unpersuasive as to Plaintiff's actual financial liability because it is "subject to revision based on actual coverage when paid." (ECF No. 9 at 5.) The bank account statements, for two personal accounts solely in Plaintiff's name (*id*. at 6-7), also are unpersuasive in light of Plaintiff's history of alleging that the settlement funds were received by his limited liability company, not him personally. *See Cash v. Transunion LLC*, Case No. 2:25-cv-00961-RGK-AS, ECF No. 54 at 2; *Cash v. Radius Global Solutions LLC*, Case No. 2:25-cv-01481-DMG-JDE, ECF No. 22 at 2.

     In sum, Plaintiff's motion is denied. (ECF No. 9.)

     **It is so ordered.**

:

**Initials of Deputy Clerk**